ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br><br>V.<br><br>ELVIA CABRERA RIVERA<br><br>Peticionaria | TA2026CE00115 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Caso Núm.:<br>B LA2025G0103<br>B VI2025G0009<br><br>Sobre:<br><br>INFR. ART. 93A CP INFR. ART. 6.6 LEY NÚM. 168 |

Panel integrado por su presidenta, la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 11 de febrero de 2026.

El pasado 30 de enero de 2026, Elvia Cabrera Rivera (peticionaria) presentó un recurso de *Certiorari* contra una *Resolución* que emitió el Tribunal de Primera Instancia, Sala de Aibonito (TPI), el 18 de diciembre de 2025. Mediante la referida decisión, el TPI declaró *No Ha Lugar* la *Moción en Solicitud de Desestimación al Amparo de la Regla 64(P) de Procedimiento Criminal por Ausencia Total de Prueba y por Violación al Debido Proceso de Ley Constitucional*. En la referida moción, la peticionaria, cuestionó las acusaciones formuladas contra esta por los delitos de asesinato en primer grado y portación y uso de armas blancas.

Conjuntamente, con la *Petición de Certiorari* presentó una *Moción Solicitando Autorización para Exceder al Máximo Prescrito de Número de Páginas,* la que este tribunal autorizó.

También incluyó una solicitud para presentar transcripción de la prueba testifical presentada en cada una de las vistas celebradas en esta Vista Preliminar, los días 17, 21 y 23 de octubre de 2025. Inicialmente, se autorizó este petitorio y, luego, se sustituyó dicha autorización de transcripción por una orden emitida el 6 de febrero de 2026. En esta, le requerimos a la Secretaría del Tribunal de Aibonito que enviara por correo electrónico a este Tribunal y a las partes en este caso, la regrabación de toda la prueba testifical presentada en cada una de las vistas celebradas en la Vista Preliminar celebrada en las fechas antes indicadas, en el Tribunal de Aibonito, en este caso Pueblo v. Elvia Cabrera, con los números BLA2025G0103 y B VI2025G0009.

Examinado el recurso, procedemos a denegarlo.

## I.

El 19 de agosto de 2025 el Tribunal de Primera Instancia determinó causa probable para el arresto de la peticionaria por hechos ocurridos entre el 10 y 11 de agosto de 2025. A esta se imputó violación a los delitos Artículo 93 A del Código Penal de Puerto Rico, *infra* y el Artículo 6.06 de la Ley de Armas, *infra*.

Por esos cargos, se celebró la Vista Preliminar los días 17, 21 y 23 de octubre de 2025, en las cuales testificaron cuatro (4) personas. El TPI, luego de evaluar la prueba recibida, determinó causa para acusar por los delitos imputados.

En síntesis, las dos (2) acusaciones contra Elvia Cabrera Rivera, leían como sigue:

Por el delito de:   Ley 168 Art. 6.06 Grave (2019)-Portación y Uso de Armas Blancas.

[…]

La referida imputada Elvia Cabrera Rivera en concierto y común acuerdo Anthonieska Avilés Cabrera, allá en o entre el día 10 y 11 da agosto de 2025 aproximadamente entre las 11:45pm a 12:04am y en Aibonito; Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Aibonito, a propósito y con conocimiento, sin motivo justificado UTILIZÓ un arma blanca, objeto cortante como de una pulgada de ancho aproximadamente y cinco pulgadas de largo, con punta filosa o un objeto similar que pueda ser considerado como un arma blanca, en la comisión del delito de CP art 93 (A) Asesinato en primer grado.

Por el delito de:   CP Art. 93.A 1er Grado (2012)-Asesinato en Primer Grado (Muerte perpetrada por medio de veneno, acecho)

La referida imputada Elvia Cabrera Rivera en concierto y común acuerdo Anthonieska Avilés Cabrera, allá en o entre el día 10 y 11 de agosto de 2025 aproximadamente entre las 11:45pm a 12:04am y en Aibonito, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Aibonito, a propósito y con conocimiento, le ocasionó la muerte al ser humano Gabriela Nicole Pratts Rosario de 16 años de edad, utilizando un arma blanca, le ocasionaron múltiples heridas en varias partes del cuerpo que le ocasionó la muerte.

El 4 de diciembre de 2025, la peticionaria, presentó una *Moción en solicitud de desestimación al amparo de la Regla 64 (P) de Procedimiento Criminal*[1] *por ausencia total de prueba y por violación al debido proceso de ley constitucional*.  En esta solicitó la desestimación por ausencia de prueba de ciertos elementos necesarios para determinar causa probable para acusar por los delitos imputados en su contra.

El 15 de diciembre de 2025, el Ministerio Público presentó su *Moción en oposición a solicitud de desestimación al amparo de la Regla 64 (p) de Procedimiento Criminal*.

---

[1] Regla 64, 34 LPRA Ap. II. R. 64. "(p) Que se ha presentado contra el acusado una acusación o denuncia, o algún cargo de las mismas, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho."

Trabada la controversia, otro Juez del TPI evaluó los escritos de ambas partes, así como, la regrabación de todos los testimonios en la vista preliminar. Tras ello, el 18 de diciembre de 2025, el foro de primera instancia, emitió la *Resolución* que aquí revisamos mediante la cual denegó la desestimación solicitada.

En desacuerdo, Elvia Cabrera Rivera solicitó Reconsideración y una Solicitud de vista. No obstante, el Tribunal de Primera Instancia las denegó el 8 de enero de 2026.

Aun insatisfecha, el 30 de enero de 2026, la peticionaria presentó el recurso de *Certiorari* en el que alegó lo siguiente:

**PRIMERO**: Erró el Tribunal al denegar la desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, cuando el Ministerio Público no presentó prueba alguna, directa o circunstancial contra Elvia Cabrera Rivera sobre el elemento subjetivo de intención (a propósito, o con conocimiento) requerido para el asesinato en primer grado imputado.

**SEGUNDO**: Erró el Tribunal al sostener causa probable por concierto y común acuerdo, cuando el récord de la vista preliminar carece totalmente de prueba directa o circunstancial de planificación, designio común, acuerdo previo, incitación, distribución de roles o cooperación indispensable atribuible a Elvia Cabrera Rivera.

**TERCERO**: Erró el Tribunal al sustituir el estándar de probabilidad por inferencias especulativas, al concluir que la alegada entrega de un objeto no identificado constituye prueba suficiente de coautoría.

**CUARTO**: Erró el Tribunal al sostener causa probable por violación al Art. 6.06 de la Ley de Armas, pese a la ausencia total de prueba de que la peticionaria utilizara, portara, exhibiera o controlara un arma blanca.

**QUINTO**: Erró el Tribunal al fundamentar su determinación en hechos no probados y en inferencias incompatibles con el récord, atribuyendo intención (a propósito, y con conocimiento), huida y acuerdo criminal a partir de actos ambiguos y posteriores.

**SEXTO**: Erró el Tribunal al convertir la moción bajo la Regla 64(p) en un análisis de peso de la prueba, cuando el planteamiento de la defensa era —y es— de ausencia total de prueba, lo que obliga a sustituir el criterio del magistrado conforme a la jurisprudencia aplicable.

**SÉPTIMO:** Erró el Tribunal al someter arbitraria e injustificadamente a la peticionaria a los rigores de un proceso criminal por delitos graves, en violación al debido proceso de ley.

**OCTAVO:** Erró el Tribunal de Primera Instancia al sostener que en la vista preliminar no procede la apreciación de la credibilidad de los testigos, en abierta contradicción con la Regla 23 de Procedimiento Criminal y la jurisprudencia reiterada del Tribunal Supremo de Puerto Rico.

La Oficina del Procurador General compareció mediante una *Solicitud de Desestimación y Escrito en Cumplimiento de Orden*. Planteó que procede la desestimación debido a que la peticionaria no le notificó el recurso al Procurador General ni al Fiscal de Distrito mediante el sistema de Sistema Unificado de Manejo y Administración de Casos (SUMAC), según lo estatuye la Regla 33 (B)[2] del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Aludieron, además, a la Regla 194 de Procedimiento Criminal, que dispone en cuanto a la notificación lo siguiente: "El apelante o peticionario deberá notificar al fiscal y al Procurador General la presentación del escrito de apelación o de *certiorari* dentro del término para presentar tales recursos." 34 LPRA Ap. II.

No obstante, indicaron que la peticionaria si le notificó el recurso al Procurador General y a los fiscales auxiliares por correo

---

[2] (B) Notificación del recurso a las partes

La presentación electrónica de un recurso de certiorari constituirá la notificación que debe efectuarse entre abogados y abogadas, así como al Procurador General o a la Procuradora General y al Fiscal de Distrito o a la Fiscal de Distrito en los casos criminales. Una vez se presente el recurso, la plataforma electrónica emitirá una notificación que indicará el nombre y la dirección de correo electrónico de los abogados o las abogadas que fueron notificados(as) de la presentación del recurso. Será responsabilidad de la parte peticionaria corroborar que la información que surja de esta notificación automática sea correcta. Será deber de la parte peticionaria notificar el recurso de certiorari a las partes que litigan por derecho propio o a cualquier otra parte que sea requerida según las disposiciones legales aplicables. Cuando la notificación electrónica no sea viable, la parte peticionaria notificará la solicitud de certiorari, debidamente sellada con la fecha y la hora de presentación, a los abogados o abogadas de récord, o en su defecto, a las partes, así como al Procurador General o a la Procuradora General, y al Fiscal de Distrito o a la Fiscal de Distrito en los casos criminales, dentro del término dispuesto para la presentación del recurso. Este término será de cumplimiento estricto. Efectuará la notificación por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal por compañía privada con acuse de recibo.

electrónico el 30 de enero de 2026 que fue el mismo día de presentado el recurso. En vista de que la peticionaria le notificó el recurso al Procurador General y a los fiscales por la vía electrónica, damos por cumplido el requisito de estricto cumplimiento de la notificación.

**II.**

**A.**

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. Pueblo v. Rivera Montalvo, 205 DPR 352, 372 (2020). A diferencia del recurso de apelación, el tribunal superior puede expedir el auto de *certiorari* de manera discrecional. Pueblo v. Rivera Montalvo, *supra*; Pueblo v. Díaz De León, 176 DPR 913, 917-918 (2009). Sin embargo, esa discreción no es irrestricta. Pueblo v. Rivera Montalvo, *supra*.

El Tribunal Supremo ha indicado que la discreción significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. Pueblo v. Rivera Santiago, 176 DPR 559, 580 (2009); García v. Padró, 165 DPR 324, 334 (2005); Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, *supra*, pág. 211. Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. Pueblo v. Rivera Santiago, *supra*, pág. 581.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los

méritos de los asuntos que son planteados mediante el recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*. La referida regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### B.

Toda persona imputada de un delito grave tiene derecho a que se celebre una vista preliminar. Véase, Regla 23 de Procedimiento Criminal, 34 LPRA Ap. II, R.23. Pueblo v. Guadalupe Rivera, 206 DPR 616, 623 (2021). El propósito de la vista preliminar es evitar que un ciudadano se someta arbitraria e injustificadamente a los rigores de un juicio en su fondo. Pueblo v. Pérez Delgado, 211 DPR 654, 664 (2023). En ese contexto, la vista preliminar queda instituida como una audiencia adversarial

preliminar en la que se debe determinar si existe causa probable sobre dos asuntos: (1) la comisión del delito grave y (2) su conexión con el imputado. Pueblo v. Pérez Delgado, *supra*; Pueblo v. Negrón Nazario, 191 DPR 720, 733 (2014).

Así pues, la vista preliminar **no** constituye un "mini juicio", ni tiene el propósito de establecer la culpabilidad del imputado más allá de duda razonable. Pueblo v. Guadalupe Rivera*, supra*, pág. 623*.* (Énfasis nuestro). La vista preliminar opera en términos de **probabilidades** y su objetivo **no** es establecer la culpabilidad del imputado más allá de duda razonable. Ver, Pueblo v. Pérez Delgado, *supra*, pág. 665*.* Se efectúa como salvaguarda de que el Estado posee "una justificación adecuada para continuar con un proceso judicial más extenso y profundo". Pueblo v. Guadalupe Rivera*, supra*, citando a Pueblo v. Negrón Nazario, *supra*, pág. 733. En estos casos, el Ministerio Público no está obligado a presentar toda la prueba de cargo que desfilará en el juicio. Por el contrario, su responsabilidad probatoria en esta etapa se limita a la presentación de una *scintilla* de evidencia que dé paso a una determinación prima facie sobre los dos aspectos mencionados. Pueblo v. Pérez Delgado, *supra*, págs. 664-665; Pueblo v. Negrón Nazario, *supra*, pág. 732. Una vez el Ministerio Público logre cumplir con esta carga probatoria, el magistrado que presida la vista deberá determinar causa probable por el delito imputado. Pueblo v. Pérez Delgado, *supra*, pág. 665.

**C.**

La Regla 64 de Procedimiento Criminal, 34 LPRA Ap. II. R. 64. establece los fundamentos de la moción para desestimar. En lo aquí pertinente el inciso (p) indica como sigue:

Que se ha presentado contra el acusado una acusación o denuncia, o algún cargo de las mismas,

> sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho.

El Tribunal Supremo ha destacado que cuando un imputado entienda que el Ministerio Público no presentó prueba que vincule todos los elementos del delito con la persona acusada, podrá atacar la determinación de causa probable y rebatir la presunción de corrección de la cual gozan las determinaciones judiciales a través del mecanismo dispuesto en la Regla 64(p) de Procedimiento Criminal, *supra*. Pueblo v. Pérez Delgado, *supra*, pág. 666; Pueblo v. Guadalupe Rivera, *supra*; Pueblo v. Nieves Cabán, 201 DPR 853, 866 (2019). De esta forma, es al acusado a quien le corresponde el peso de la prueba para establecer que la determinación de causa no fue correcta. Íd.

Una solicitud al amparo del mencionado estatuto procederá en dos escenarios: (1) cuando se infringió alguno de los derechos o requisitos procesales de la vista preliminar, o (2) cuando se determinó causa probable para acusar, pese a la ausencia total de prueba sobre alguno de los elementos del delito imputado, incluido entre estos, la prueba sobre la conexión del acusado. Pueblo v. Pérez Delgado, *supra.* Por ello, **es indispensable que el acusado persuada y demuestre al tribunal** que hubo ausencia total de prueba legalmente admisible respecto a alguno de los elementos del delito o en cuanto a su conexión con el delito imputado. Pueblo v. Pérez Delgado, *supra*, pág. 666-667; Pueblo v. Guadalupe Rivera, *supra*; Pueblo v. Nieves Cabán, *supra*. En ese sentido, el criterio rector es la ausencia total de prueba; esto es, que no se desfiló evidencia sobre el particular. Pueblo v. Pérez Delgado, *supra*, pág. 667; Pueblo v. Nieves Cabán, *supra*; Pueblo

v. Negrón Nazario*, supra.* De no cumplirse con este requisito, no procederá la desestimación de la acusación. Íd.

El Tribunal Supremo reiteró que al evaluar una moción de desestimación al amparo de la Regla 64 (p) de Procedimiento Criminal, *supra*, el juzgador debe estar guiado por los siguientes criterios, a saber:

> (1) examinar la prueba de cargo y defensa vertidas en la vista preliminar, así como la prueba del acusado en apoyo de la moción; (2) **determinar si esa prueba establece la probabilidad de que estén presentes todos los elementos del delito, así como la existencia de prueba que conecte al imputado con su comisión**; (3) el hecho de que a juicio del magistrado la prueba presentada demuestre con igual probabilidad la comisión de un delito distinto al imputado, no debe dar base a una desestimación; y (4) solo en ausencia total de prueba sobre la probabilidad de que estén presentes y probados uno o varios elementos del delito o de la conexión del imputado con tal delito, procede la desestimación de la acusación. (Énfasis nuestro) Pueblo v. Pérez Delgado, *supra*; pág. 667; Pueblo v. Rivera Cuevas, 181 DPR 699, 706 (2011).

Presentada una moción de desestimación, **si el tribunal estima necesario** la celebración de una vista para dilucidar la moción, su tarea estará limitada a examinar **la prueba presentada durante la vista en que se determinó causa probable para acusar**. Pueblo v. Pérez Delgado, *supra*. (Énfasis nuestro). Evaluada tal prueba, el magistrado debe entonces determinar si hubo ausencia total de prueba sobre la comisión del delito; ya sea porque no se presentó **alguna** evidencia sobre un elemento del delito imputado o porque no se presentó **alguna** evidencia sobre la conexión del acusado con el delito. Solo ante una situación de ausencia total de prueba es que procede sustituir el criterio del magistrado que inicialmente halló causa para acusar. Pueblo v. Pérez Delgado, *supra*; Pueblo v. Nieves Cabán, *supra*, pág. 867, citando a Pueblo v. Negrón Nazario, *supra*, pág. 736.

**D.**

El Artículo 92 del Código Penal establece que el "[a]sesinato es dar muerte a un ser humano a propósito, con conocimiento o temerariamente". 33 LPRA sec. 5141.

El asesinato en primer grado está tipificado en el Artículo 93 del Código Penal. 33 LPRA sec. 5142. En particular, el inciso (a) dispone que constituye asesinato en primer grado el "perpetrado por medio de veneno, acecho, tortura, estrangulamiento, sofocación o asfixie posicional, o a propósito o con conocimiento".

Por su parte, el Artículo 21 (b) del Código Penal, 33 LPRA sec. 5034, que el elemento subjetivo del delito se manifiesta por las circunstancias relacionadas con el hecho, la capacidad mental, las manifestaciones y conducta de la persona.

En esa línea, el Artículo 22 del Código Penal, 33 LPRA sec. 5035, define los elementos subjetivos del delito "a propósito" o "con conocimiento" como sigue:

(1) A propósito

(a) con relación a un resultado, una persona actúa "a propósito" cuando su objetivo consciente es la producción de dicho resultado.

(b) con relación a una circunstancia, una persona actúa "a propósito" cuando la persona cree que la circunstancia existe.

(2) Con conocimiento

(a) con relación a un resultado, una persona actúa "con conocimiento" cuando está consciente de que la producción del resultado es una consecuencia prácticamente segura de su conducta.

(b) con relación a un elemento de circunstancia, una persona actúa "con conocimiento" cuando está consciente de que la existencia de la circunstancia es prácticamente segura.

Por otro lado, el Artículo 6.06 de la Ley de Armas, 25 LPRA sec. 466 e, indica:

Toda persona que sin motivo justificado use contra otra persona, o la muestre, o use en la comisión de un delito o su tentativa, manoplas, blackjacks, cachiporras, estrellas de ninja, cuchillo, puñal, daga, espada, honda, bastón de estoque, arpón, faca, estilete, punzón, martillos, bates, cuartón, escudo, hojas de navajas de afeitar de seguridad, garrotes, agujas hipodérmicas, jeringuillas con agujas o cualquier instrumento similar que se considere como un arma blanca, incurrirá en delito grave […]. Queda excluida de la aplicación de este Artículo, toda persona que posea, porte o conduzca cualquiera de las armas aquí dispuestas en ocasión de su uso como instrumentos propios de un arte, deporte, profesión, ocupación, oficio o por condición de salud, incapacidad o indefensión.

**E.**

En cuanto a la responsabilidad por la comisión de un delito, el Artículo 43 del Código Penal, 33 LPRA sec. 5066, establece que, "[s]on responsables de delito los autores, sean personas naturales o jurídicas."

En este contexto, el Artículo 44 del referido Código, 33 LPRA sec. 5067, establece, que se consideran autores:

(a) Los que toman parte directa en la comisión del delito.

(b) Los que solicitan, fuerzan, provocan, instigan o inducen a otra persona a cometer el delito.

(c) Los que se valen de una persona inimputable para cometer el delito.

(d) Los que a propósito o con conocimiento cooperan con actos anteriores, simultáneos o posteriores a la comisión del delito, que contribuyen significativamente a la consumación del hecho delictivo.

[……..]

(g) Los que a propósito ayudan o fomentan a que otro lleve a cabo conducta que culmina en la producción de un resultado prohibido por ley, siempre que actúen con el estado mental requerido por el delito imputado con relación al resultado.

**III.**

La peticionaria Elvia Cabrera Rivera atendió los errores en conjunto. En síntesis, alegó que la determinación de causa se

basó esencialmente en la inferencia de que alegadamente, "Elvia "mete la mano dentro de la cartera y está rebuscando, encuentra algo para la mano. Empuña la mano y saca" y se lo entrega a su hija, y que ese objeto habría sido el utilizado por su hija para causar la herida mortal."[3]   Más, adelante arguyó que, "aun tomando su testimonio "en la luz más favorable al Ministerio Público", lo máximo que se pretende establecer es que se observó a Elvia cercana a la escena y, según una sola testigo, Betzaida Caratini Ortiz, manejando un objeto que se "describe" como "algo negro y plateado" que fue entregado a su hija AAC de determinada manera. Eso es todo."[4]  Alegó la inexistencia de conductas típicas de coautoría.[5]  Sobre el delito del Art. 6.06 la Ley de Armas, *supra*, indicó que la vista preliminar carece de prueba de que la peticionaria usó o empleó el arma.  Reseñó que solo se acreditó la muerte de la menor por múltiples heridas punzantes, pero que hay ausencia de prueba sobre el elemento del conocimiento o propósito de Elvia Cabrera.[6]  En fin, adujo que, "[l]a Vista Preliminar celebrada en el presente caso adoleció de ausencia total de prueba sobre elementos esenciales de los delitos imputados a la Sra. Elvia Cabrera Rivera y sobre su conexión con éstos."[7]

El Procurador General, por su parte, alegó que el recurso de la peticionaria no satisfacía los criterios para la expedición del auto de *certiorari*.  Explicó que, en la vista preliminar, el Ministerio Público presentó mucho más que una *scintilla* de evidencia para demostrar los elementos del delito y la conexión de la imputada superando ampliamente el quantum de prueba requerido en esa

---

[3] Recurso de Certiorari, página 28.
[4] Íd.
[5] Íd., pág. 30.
[6] Íd., págs. 31-32.
[7] Recurso de Certiorari, pág. 32.

etapa.  El Procurador aludió a los testimonios de la vista preliminar que sustentaron ambos requisitos.    Explicó que la peticionaria Elvia Cabrera Rivera participó en el asesinato al facilitar el acceso de un arma blanca con la cual se le dio muerte a la joven.  Disponemos.

El Tribunal Supremo ha reiterado que a la hora de analizar una moción de desestimación al amparo de la Regla 64(p), *supra*, se debe examinar la prueba desfilada en la vista preliminar, y determinar si esa prueba establece la probabilidad de que estén presentes todos los elementos del delito y que el imputado lo cometió.[8]  Asimismo, ha indicado que solo procede desestimar la acusación ante un caso claro de ausencia total de prueba.[9]  Para ello, es indispensable que el acusado persuada y demuestre al tribunal que hubo ausencia total de prueba legalmente admisible respecto a alguno de los elementos del delito o en cuanto a su conexión con el delito imputado.[10]

Surge de la Resolución que revisamos que el Juez de Primera Instancia evaluó los argumentos de ambas partes, así como la regrabación de la vista preliminar, en la cual testificaron cuatro (4) personas y ambas partes presentaron prueba documental e ilustrativa.  El Juez revisó, además, el derecho relacionado a la solicitud de desestimación, a tenor con la Regla 64 (P) de Procedimiento Criminal, *supra*; aludió a la Regla 23 de Procedimiento Criminal, sobre vista preliminar y los criterios que se requieren en esa etapa del proceso.  Ello, en conjunto los delitos imputados de asesinato según el Artículo 93 (a) del Código

---

[8] Pueblo v. Pérez Delgado, *supra.*
[9] Pueblo v. Pérez Delgado, *supra.*
[10] Íd.

Penal, *supra*, y el Artículo 6.06 de la Ley de Armas, *supra*. De igual manera, evaluó, entre otros, el derecho aplicable a la coautoría.

Al verificar los testimonios de la vista preliminar, junto al derecho aplicable el foro primario emitió una Resolución debidamente fundamentada.  En síntesis, explicó que, al evaluar la prueba, no surgía de que haya existido una situación de ausencia total de prueba.  Mencionó que, por el contrario, en la vista preliminar el quantum probatorio requerido es el de *scintilla*, es decir, que demuestre prima facie que se cometió un delito y que, con toda probabilidad, el imputado lo cometió. [...][11]  Indicó que el Ministerio Público cumplió con el referido estándar probatorio, por lo que, correctamente se emitió una determinación de causa para acusar por los delitos de asesinato en primer grado y portación y uso de armas blancas.

Esto es, el foro primario concluyó que se presentó prueba sobre los elementos de los delitos imputados y la conexión con la peticionaria, por lo que, no hubo ausencia total de prueba.  En nuestra función revisora, escuchamos la grabación de las audiencias, revisamos la transcripción de las que sometieron, junto a la Resolución recurrida, a la luz del derecho aplicable.  Tras ello, determinamos que los argumentos de Elvia Cabrera Rivera, en el recurso aquí presentado, no cumple con los criterios de la Regla 40 de nuestro Reglamento, *supra*, que amerite ejercer nuestra función discrecional, para variar la determinación del foro primario.  Tampoco se nos demostró ninguna otra razón que justifique la expedición del auto solicitado, ni la peticionaria rebatió la presunción de corrección que cobija la determinación recurrida.

---

[11] Resolución, página 10.

**IV.**

Por los fundamentos aquí expuestos, *Denegamos expedir* el auto de *certiorari*.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones